UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | |
|---|---|
| GREATER ST. LOUIS CONSTRUCTION LABORERS WELFARE FUND, an employee benefit plan, and BRANDON FLINN, DANNY JENKINS, STEVE MACDONALD, GARY ELLIOTT RICH MCLAUGHLIN, DONALD WILLEY, JAY SCHULTEHENRICH, DAVID A. GILLICK, BRAD GRANT, MICHAEL LUTZ, COREY BLACK and NORMAN MERLO, Trustees of the Greater St. Louis Construction Laborers Welfare Fund, and CONSTRUCTION LABORERS PENSION TRUST OF GREATER ST. LOUIS, an employee benefit plan, and, JEFFREY O'CONNELL, RICHARD McLAUGHLIN, RICK CASSON, RON GRAVES, BRANDON FLINN, DONALD WILLEY, GARY ELLIOTT, LOU GRASSE, JOSEPH LERITZ, DOUG WACHSNICHT, JOE HOETTE, WILLIAM L. LUTH and DAVID A. GILLICK, Trustees of the Construction Laborers Pension Trust of Greater St. Louis, and ST. LOUIS VACATION FUND – VACATION PLAN, an employee benefit plan, and GARY ELLIOTT, BRANDON FLINN, DON WILLEY, JAY SCHULTEHENRICH, NORMAN MERLO and WILLIAM L. LUTH, Trustees of the St. Louis Vacation Fund – Vacation Plan, and AGC–EASTERN MISSOURI LABORERS' JOINT TRAINING FUND, an employee benefit plan, and PATRICK R. PRYOR, DONALD WILLEY, PERRI PRYOR, GARY ELLIOTT, RICHARD McGUIRE, BRANDON FLINN, JOHN B. MORGAN, PHIL HOCHER, ROBERT J. WESOLICH, JOE SCARFINO, MUSIAL BRAUNGARDT, CLIFF LAND, and JOHN J. SMITH, JR., Trustees of the AGC–Eastern Missouri Laborers' Joint Training Fund, and LOCAL UNION NOS. 42-110, LABORERS INTERNATIONAL UNION OF NORTH AMERICA, AFL-CIO, labor organizations,<br><br>    Plaintiffs,<br>v. | Case No: 4:17-cv-1280 |

| | |
|---|---|
| CORNERSTONE MASONRY, INC., | ) |
| a Missouri corporation, | ) |
| | ) |
| Defendant. | ) |

**COMPLAINT FOR INJUNCTIVE RELIEF AND OTHER RELIEF**

Come now plaintiffs, by and through their attorneys, and for their cause of action against defendant state:

1. Plaintiff, Greater St. Louis Construction Laborers Welfare Fund, hereinafter referred to as "the Welfare Fund", is an employee benefit plan within the meaning of Sections 3(1), (3), 502 and 515 of the Employee Retirement Income Security Act of 1974, as amended 29 U.S.C. §§1002(1), (3), 1132 and 1145.  Plaintiffs Brandon Flinn, Raymond Linehan, John Eremita, Charles Bean, Donald Willey, Gary Elliott, Jay Schulthenrich, David Gillick, Brad Grant, Michael Lutz, Adam Knoebel, and Norman Merlo, and are the duly designated and acting Trustees of the Welfare Fund, and are fiduciaries within the meaning of Sections 3(21)(A) and 502 of the Employee Retirement Income Security Act of 1974, as amended, 29 U.S.C. §§1002(21)(A) and 1132.

2. Plaintiff Construction Laborers Pension Trust of Greater St. Louis, hereinafter referred to as "the Pension Trust," is an employee benefit plan within the meaning of Sections 3(2)(A), (3), 502 and 515 of the Employee Retirement Income Security Act of 1974, as amended, 29 U.S.C. §§1002(2)(A), (3), 1132 and 1145.  Plaintiffs Jeffrey O'Connell, Richard McLaughlin, John Eremita, Charles Bean, Donald Willey, Gary Elliott, Joseph W. Beetz, Joseph Leritz, Doug Wachsnicht, Joe Hoette, William L. Luth, and Donald Grant, and are the duly designated and acting Trustees of the Pension Fund, and are fiduciaries within the meaning of

2

Sections 3(21)(A) and 502 of the Employee Retirement Income Security Act of 1974, as amended, 29 U.S.C. §§1002(21)(A) and 1132.

3. Plaintiff, AGC - Eastern Missouri Laborers Joint Training Fund, hereinafter referred to as "the Training Fund" is an employee benefit plan within the meaning of Sections 3(1), (3), 502 and 515 of the Employee Retirement Income Security Act of 1974, as amended, 29 U.S.C. §§1002(1), (3), 1132 and 1145.  Plaintiffs Patrick R. Pryor, Donald Willey, Perri Pryor, Phil Hocher, Gary Elliott, Richard McGuire, Brandon Flinn, John B. Morgan, Robert J. Wesolich, Joe Scarfino, Cliff Land and John J. Smith, Sr., are the duly designated and acting Trustees of the Training Fund, and are fiduciaries within the meaning of Sections 3(21)(A) and 502 of the Employee Retirement Income Security Act of 1974, as amended, 29 U.S.C. §§1002(21)(A) and 1132.

4. Local Unions Nos. 42, 53 and 110, Laborers International Union of North America, AFL-CIO, hereinafter referred to as "the Union", are labor organizations representing employees in an industry affecting commerce within the meaning of Sections 2(4), (5), (6), and (7) of the National Labor Relations Act, as amended, 29 U.S.C. §§152(4), (5), (6), and (7), and Section 301 of the Labor Management Relations Act of 1947, as amended 29 U.S.C. §185.

5. Defendant Cornerstone Masonry Inc. ("defendant") is a Missouri corporation in good standing and is an employer in an industry affecting commerce within the meaning of Sections 3(5), (11), (12), and 515 of the Employee Retirement Income Security Act of 1974, as amended, 29 U.S.C. §§1002(5), (11), (12) and 1145, and Sections 2(2), (6) and (7) of the Labor Management Relations Act of 1947, as amended, 29 U.S.C. §§152(2), (6) and (7), having an office and place of business within this judicial district.

6. This Court has jurisdiction by reason of Sections 502(a)(3), (ii) and 515 of the Employee Retirement Income Security Act of 1974, as amended, §§1132(a)(3)(ii) and 1145, and Section 301(a) of the Labor Management Relations Act of 1947, as amended, 29 U.S.C. §185(a), in that Plaintiff Trustees are fiduciaries who seek to enforce the provisions of their employee benefit plans, and the Union is suing for violation of a contract with defendant.

7. At all times material, defendant was bound by the provisions of collective bargaining agreements requiring monthly payments to the Welfare, Pension and Training Funds in specified amounts and the submission of monthly report forms. Said collective bargaining agreements and the plans adopted by the Trustees of the Welfare, Pension and Training Funds also provide that the Trustees shall be permitted to perform a financial examination of defendant's books and records periodically to insure that payments have been properly made in accordance with the terms of the collective bargaining agreement.

8. Defendant is required to pay liquidated damages of twenty percent (20%) on delinquent contributions.

9. In accordance with the collective bargaining agreement, plaintiffs performed a financial examination for the period of April 1, 2015 through June 30, 2016. That examination revealed that defendant had failed to pay $52,741.27 in contributions for that period of time. Liquidated damages on that amount total $10,548.33 and interest through December 31, 2016 totals $1,489.92.

10. In addition, defendant paid untimely its June, 2016 contributions, resulting in an assessment of an additional $69.98 in liquidated damages.

11. Plaintiffs are entitled to recover interest, liquidated damages, costs, accounting fees and reasonable attorneys' fees pursuant to Section 502(g) of the Employee Retirement Income

Security Act of 1974, as amended, 29 U.S.C. §1132(g), and pursuant to the terms of the collective bargaining agreement and trust agreements.

WHEREFORE, plaintiffs pray the Court as follows:

(a) For a judgment against defendant based upon the findings of the financial examination;

(b) For a judgment against defendant in the amount of $69.68 for liquidated damages based on defendant's untimely paid June, 2016 contributions;

(c) For an order requiring defendant to make payments in the future to the Welfare, Pension, Vacation and Training Funds in accordance with the terms and provisions of the collective bargaining agreement, and such collective bargaining agreements as may be negotiated and executed in the future;

(c) For interest, liquidated damages, costs, accounting fees and reasonable attorneys' fees pursuant to 29 U.S.C. §1132(g); and

(e) For such other and further relief as the Court deems appropriate under the circumstances.

## **COUNT II**

12. The plaintiffs restate and incorporate by reference all of the allegations contained in paragraphs 1 through 11, above.

13. At all times material, defendant was bound by the provisions of the collective bargaining agreement requiring it to obtain and maintain a surety bond in favor of the plaintiff Funds.

14. The defendant has failed to establish and maintain a surety bond as required by the collective bargaining agreement.

15. The defendant has failed to furnish evidence of such a bond to the plaintiffs.

16. The surety bond is a material aspect of the collective bargaining agreement.

17. Absent such a bond, plaintiffs and the individual Union members they represent stand to suffer irreparable harm.

18. Plaintiffs will have no adequate remedy at law if the required bond is not obtained and maintained by the defendant.

WHEREFORE, plaintiffs pray:

(a) That this Court enter an injunction prohibiting defendant from performing work of a type covered by defendant's collective bargaining agreement with Laborers Locals 42-53-110 within the geographical area covered by that collective bargaining agreement until such time as defendant obtains the required surety bond or letter of credit;

(b) That this Court award such other and further relief as the Court may deem appropriate.

Respectfully submitted,

HAMMOND and SHINNERS, P.C.
7730 Carondelet, Suite 200
St. Louis, Missouri  63l05
(314) 727-1015 (Phone)
(314) 727-6804 (Fax)
jmartin@hammondshinners.com


/s/ Janine M. Martin
JANINE M. MARTIN, #55240

Attorneys for Plaintiffs

## **CERTIFICATE OF SERVICE**

      The undersigned certifies that the foregoing was electronically filed with the Clerk of the Court this 10th day of April, 2017, and copies were mailed, by certified mail, return receipt requested, to the Secretary of Labor, United States Department of Labor, P.O. Box 1914, Washington, D.C. 20013 and to the Secretary of Treasury, United States Treasury, 19th and Pennsylvania Avenue, Washington, D.C. 20220.

                                             /s/ Janine M. Martin